

DA 09-0469

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 16N

IN THE MATTER OF THE MENTAL HEALTH OF:

V.R.,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DI 2009-37C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Elizabeth Thomas, Elizabeth Thomas, PLLC, Missoula, Montana

        For Appellee:

        Hon. Steve Bullock, Montana Attorney General, Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

        Marty Lambert, Gallatin County Attorney, Erick Kitzmiller, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  January 20, 2010

Decided:  February 2, 2010

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by V.R. from the District Court's August 11, 2009 Findings of Fact and Conclusions of Law involuntarily committing V.R. to Warm Springs for 90 days. V.R. raises two issues: (1) whether the State failed to prove V.R. suffered from a mental disorder to a reasonable medical certainty; and (2) whether the State failed to prove beyond a reasonable doubt that V.R. was unable to care for himself or presented a risk to others as a result of a mental disorder. We affirm.

¶3 V.R. is a 51-year-old male, who came to police attention when he was reported to be in public wearing only his green briefs and sandals. When the responding officer arrived, V.R. was disheveled, smelled of vomit, was disoriented, was apparently intoxicated and was speaking nonsensically. The responding officer suspected that V.R. might suffer from a mental disorder and was concerned for his safety, so he transported V.R. to the hospital for evaluation. In total, V.R. was evaluated by two different certified mental health professionals.

¶4 The evidence before the court showed that V.R. had been previously treated for schizophrenia. When initially examined by a mental health professional, V.R. was

2

suffering from auditory hallucinations, was lacking in social and situational awareness, and was exhibiting signs of paranoia. There was evidence that on a regular basis V.R. was drinking heavily to the point of intoxication (he believed that drinking alcohol was better than drinking water), and that he had not been caring for his personal hygiene. He had been cooking and sucking the juice out of mushrooms in his yard and he stated he wanted to ingest their toxins. V.R. had been living in an apartment with broken glass on the floor and occasionally appeared with blood on his hands and feet, and he had a penchant for living in his underwear or "European-style" swimming suit. Furthermore, while intoxicated, V.R. had thrown a bottle opener/knife at his nephew. While his nephew's resulting wound was superficial, the assault caused great concern. Finally, V.R. had frightened his neighbors by banging on their doors.

¶5 The record shows that the District Court received expert testimony and other evidence meeting the requirements of § 53-21-126(1) and (2), MCA. This evidence demonstrated that V.R. was suffering from a mental disorder (schizophrenia) and required commitment. Moreover, V.R. was represented by counsel and was accorded the benefit of all of his statutory and constitutional rights.

¶6 Accordingly, based on our review of the record, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006 that provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law.

¶7 Affirmed.

/S/ JAMES C. NELSON


We concur:

/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE